**UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF RHODE ISLAND**

BYRON PINEDA

     v.                                                                              CR. No. 08-128-ML

UNITED STATES OF AMERICA

**MEMORANDUM AND ORDER**

Petitioner Byron Pineda ("Pineda") has filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. For the reasons stated below, the motion is denied.

**I. Background and Travel**

On September 20, 2008, in the early morning hours, members of law enforcement executed search warrants for three locations in Providence believed to be associated with the importation of heroin from Guatemala through the use of body couriers. The agents found Pineda sleeping at one of the locations. That apartment also contained heroin cutting substances, cash, ammunition, and several pellets of plastic wrapped heroin. After Pineda was advised of his constitutional rights in Spanish and English, he admitted that he still had more than 50 pellets of heroin inside him and agreed to be taken to the hospital for x-rays and medical treatment. Over the next 28 hours, Pineda passed 56 pellets of heroin. Laboratory testing of the contents of the pellets and those found at the

location of Pineda's arrest revealed a total of 785 grams of heroin.

Pineda was charged by information with one count of conspiracy to distribute and possess with the intent to distribute one kilogram or more of heroin in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and 846. The Court appointed counsel to represent Pineda under the Criminal Justice Act, 18 U.S.C. § 3006A.

On January 8, 2009, Pineda pled guilty to the asserted charge pursuant to the terms of a written plea agreement. Docket No. 13. In exchange for Pineda's guilty plea, the government agreed to recommend a sentence at the lowest point of the applicable guideline range as determined by the Court or the mandatory minimum term of imprisonment - in Pineda's case, a term of 10 years. Plea Agreement ¶ 2.[1] Pineda also agreed to waive his right to file a direct appeal if the Court imposed a sentence within or below the guideline range determined by the Court. Id. ¶ 12.

In the course of the change of plea hearing, the Court advised Pineda that, as a result of his conviction, he was subject to deportation, and Pineda confirmed his understanding thereof. Hrg. Tr. 13:6-10 (Jan. 8, 2009). Pineda also confirmed that he had discussed the charge against him and the case in general with his

---

[1] If the defendant qualified for the "safety valve" provision of 18 U.S.C. § 3553(f), the government would recommend any sentence within the applicable range of sentences under the guidelines. Plea Agreement ¶ 2.d.

2

court-appointed attorney and that he was fully satisfied with the advice and representation he had received from his attorney. Id. 4:23-5:4.

The government then summarized the evidence it would have presented at trial and Pineda agreed that the conspiracy in which he had taken part involved a kilogram or more of heroin.[2] Id. 24:9-13.

On June 10, 2009, Pineda was sentenced to 120 months of imprisonment. The Court noted at the sentencing hearing that, despite encouragement by his counsel, the government, and the Court, Pineda had elected not to avail himself of an opportunity to qualify for a lower sentence under the safety valve provision. Hrg. Tr. 30:19-31:5 (June 10, 2009). As required by the waiver of his right to appeal specified in the plea agreement, Pineda did not appeal his sentence.

Pineda has now filed a *pro se* motion to vacate his sentence pursuant to 28 U.S.C. § 2255. Pineda asserts that (1) his attorney rendered ineffective assistance of counsel; (2) the government failed to turn over Brady material; (3) his attorney failed to inform Pineda that he would be deported; and (4) his attorney failed to conduct discovery or adequately prepare the case. Mot.

---

[2] Although Pineda's arrest only yielded 785 grams of heroin, he admitted that he had transported the same quantity of heroin on a previous occasion. Id. 21:16-22:3, 23:20-24:2.

Page 2. In his supporting memorandum, Pineda alleges that his attorney misrepresented the plea bargain to Pineda and that he failed to interview witnesses regarding the matter and to investigate Pineda's alibi properly. Pet.'s Mem. 1. Pineda also alleges that the government did not provide him with exculpatory evidence and "3500 material." Id.

**II. § 2255 Motion to Vacate**

Pursuant to Section 2255, a prisoner may move to vacate, set aside or correct his sentence "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack . . ." 28 U.S.C. § 2255(a). Relief under Section 2255 is available to the petitioner only if the Court finds a lack of jurisdiction, constitutional error, or a fundamental error of law. See United States v. Addonizio, 442 U.S. 178, 184-84, 99 S.Ct. 2253, 60 L.Ed.2d 805 (1979) (holding that "an error of law does not provide a basis for a collateral attack unless the claimed error constituted a 'fundamental defect which inherently results in a complete miscarriage of justice.'")(quoting Hill v. United States, 368 U.S. 424, 428, 82 S.Ct. 468, 471, 7 L.Ed.2d 417 (1962)).

**III. Ineffective Assistance of Counsel**

Success on a claimed violation of the Sixth Amendment right to

4

effective representation of counsel requires a showing of both "deficient performance by counsel and resulting prejudice." Peralta v. United States, 597 F.3d 74, 79 (1st Cir. 2010)(citing Strickland v. Washington, 466 U.S. 668, 687-688, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)); West v. United States, 631 F.3d 563, 567 (1st Cir. 2011)(petitioner is required to show that "(1) counsel's performance fell below an objective standard of reasonableness, and (2) the deficient performance resulted in prejudice to the applicant.")(quoting Strickland, 466 U.S. at 687-688).

As the First Circuit has observed, courts are instructed by Strickland "to indulge 'a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance and [the defendant] must overcome the presumption that the challenged action might be considered sound strategy.'" West v. United States, 631 F.3d at 567 (citations omitted). Moreover, "the Constitution guarantees only an 'effective defense, not necessarily a perfect defense or a successful defense.'" Peralta v. United States, 597 F.3d at 79 (quoting Scarpa v. Dubois, 38 F.3d 1, 8 (1st Cir. 1994)).

To show that his counsel's performance was less than adequate, Pineda is required to "identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment." United States v. Manon, 608 F.3d 126, 131 (1st Cir. 2010)(quoting Strickland, 466 U.S. at 690). The Court,

5

in turn, must determine whether, in the circumstances of this case, the identified acts or omissions were "outside the wide range of professionally competent assistance." Id. In addition, Pineda must "'show that there is a reasonable probability that, but for [his] counsel's unprofessional errors, the result of the proceeding would have been different.'" United States v. Manon, 608 F.3d at 131 (quoting Strickland, 466 U.S. at 694).

Under the particular circumstances of this case, Pineda offers no explanation as to how his counsel's alleged ineffectiveness resulted in prejudice to Pineda. Although Pineda generally asserts that his counsel failed to put up any defense, interview witnesses, and/or investigate his alibi, he does not indicate how such activities would have assisted him in this case. It is undisputed that Pineda carried 785 grams of heroin in his body, most of which he passed while in police custody. The factual summary given by the government at the change of plea hearing, which Pineda agreed was truthful, revealed that Pineda had traveled from Guatemala to Rhode Island a total of thirteen times between January 1st and September 19, 2008. Hrg. Tr. 17:13-16. Pineda also admitted that he undertook at least one other transport which involved an equal amount of heroin. In light of the overwhelming evidence against Pineda, there is nothing to indicate that investigating Pineda's alibi, interviewing witnesses, or conducting additional discovery would have been helpful to Pineda. Instead, Pineda's counsel

6

negotiated a plea agreement for Pineda which afforded his client an opportunity to qualify for a sentence below the statutory minimum under the "safety valve" provision. Because Pineda, against the encouragement of his counsel, chose not to avail himself of that opportunity, he received a sentence of 120 months, the mandatory minimum sentence. In sum, Pineda not only fails to provide any specifics regarding those actions he believes his counsel should have undertaken, he also cannot demonstrate a reasonable probability of a more favorable outcome of his case, had his counsel undertaken such actions.

With respect to Pineda's additional allegations against his counsel, no extended discussion is required. Pineda was advised by the Court that a conviction for this offense made him subject to deportation. He also acknowledged to the Court, under oath, that he had discussed his case and the charge against him with his counsel and he repeatedly confirmed that he understood the terms of the plea agreement.

**IV. Claims regarding Discovery**

As ground two for his motion to vacate, Pineda refers to "[f]ailure to turn over Brady material," Mot. Page 6, and he asserts that he "has never been shown any 3500 material." Mem. 1. With respect to the latter, as the government correctly points out, no obligation to produce such material arose under the Jencks Act, 18 U.S.C. § 3500, where the petitioner proceeded to plead guilty

7

rather than exercise his right to a criminal trial.  The requirement for producing statements and reports of witnesses pursuant to 18 U.S.C. § 3500 does not come into play "until said witness has testified on direct examination in the trial of the case."  18 U.S.C. § 3500(a).

With respect to the former, Brady requires a prosecutor to disclose "'evidence favorable to an accused . . . where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution.'"  United States v. Duval, 496 F.3d 64, 72-73 (1st Cir. 2005)(quoting Brady v. Maryland, 373 U.S. 83, 87, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963)).  To vacate his conviction because of a Brady violation, a defendant must show that "the evidence at issue [is] favorable to the accused, either because it is exculpatory, or because it is impeaching; that evidence [has] been suppressed by the [government], either willfully or inadvertently; and prejudice [has] ensued."  United States v. Duval, 496 F.3d at 73 (citations omitted).  Pineda's motion is limited to a general assertion that unspecified material should have been made available to him.  Pineda, however, has not articulated any theory demonstrating that there was a "reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different."  United States v. Blais, 98 F.3d 647, 651 (1st Cir. 1996).  Moreover, Pineda has not identified any particular material

or even stated that such material exists. Again, in light of the substantial evidence against Pineda, it is unclear how any such material could have resulted in a different outcome of his case.

**V.  Conclusion**

For all of the foregoing reasons, Pineda's motion to vacate sentence is DENIED and DISMISSED.

**Ruling on Certificate of Appealability**

Pursuant to Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts, this Court hereby finds that this case is not appropriate for the issuance of a certificate of appealability because Pineda has failed to make "a substantial showing of the denial of a constitutional right" as to any claim, as required by 28 U.S.C. § 2253(c)(2).

Pineda is advised that any motion to reconsider this ruling will not extend the time to file a notice of appeal in this matter. See Rules Governing § 2255 Cases, Rule 11(a).

SO ORDERED.

/s/ Mary M. Lisi

Mary M. Lisi

Chief United States District Judge

October 13, 2011